IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SANDRA B. THOMPSON                                                    PLAINTIFF

VS.                                                        CAUSE NO. 3:08-CV113-DAS

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY                                       DEFENDANT

**ORDER**

Before the court is the claimant's motion to amend the October 8, 2009 Judgment in this case (# 16). The court has considered the claimant's motion and the Commissioner's response and finds no reason to change its ruling.

With her motion, the claimant presents four points of error committed by this court: (1) the court allowed the ALJ's rulings "detrimental to [c]laimant to stand" despite the ALJ's failure to discuss evidence supporting the claimant's position; (2) the court failed to find prejudice to the claimant in "three enumerated 'harmless' errors;" (3) the court overlooked the "'shifted burden' at Step 5, requiring the Administration to prove the existence of "other jobs" the claimant could perform; and (4) the court overlooked the claimant's complaint to her physician of polyuria, "a known effect of one of claimant's prescribed medications." In her supporting brief, however, the claimant presents her arguments quite differently, and some appear to be separate and distinct from the issues stated in the motion. In the interest of clarity, however, the court will address the claimant's arguments in the manner they are presented in her brief.

The claimant's first contention is that this court erred in finding there was no need to overturn the ALJ's RFC finding. The claimant essentially argues that the ALJ erroneously rejected the findings of Dr. Rosenkrans because his was the only "complete" functional assessment of the

claimant's ability to do work related activities. The claimant further contends she was prejudiced by the ALJ's error because had the ALJ ordered a consultative examination, the additional evidence "might have changed his analysis." The court will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that she was prejudiced in any way by the deficiencies she alleges. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). To show prejudice, the claimant must show the court precisely what would have been gained from the additional evidence that could and would have changed the result. *Brock*, 84 F.3d at 728. The claimant has failed to proffer any evidence whatsoever supporting her claim of prejudice.

In this case, the ALJ found that Dr. Rosenkrans's functional assessment, which limited the claimant to less than sedentary work, was not supported by any objective medical findings. "'[T]he Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)). "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Furthermore, the claimant underwent a consultative examination conducted by Dr. Arthur Greenberg on June 7, 2007, less than six months prior to the hearing in this case. It was determined that she had hypertension and diabetes mellitus by history and was obese. Nevertheless, she had normal range of motion and full strength in her extremities and was only "mild[ly] to moderately" limited in her "ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as pushing and pulling heavy objects." Because the ALJ relied upon this evidence in formulating the claimant's RFC, his finding was supported by

2

substantial evidence, and there is no need to change this court's ruling.

Next, the claimant complains that the ALJ failed to follow SSR 95-5p "to reject those of claimant's 'excess symptoms' by clear and convincing evidence for any of the symptoms which may have been attributable to Plaintiff's unexamined diagnoses." The claimant offers no additional explanation or argument on this point. Because the ALJ 's opinion adequately discusses and resolves the inconsistencies between the claimant's subjective symptoms and the medical and other evidence, this issue is without merit.

The claimant further argues that the ALJ failed to perform the *Newton* analysis which she claims would have shown six visits to Dr. Rosenkrans over a six month period, instead of only the four noted by the ALJ. However, notwithstanding any showing that the record contains evidence of six visits instead of four, the ALJ specifically found that Dr. Rosenkrans did not qualify as a treating source under 20 C.F.R. 404.1502 and 416.902. These regulations specifically state that the agency will not consider a physician a "treating source" if the claimant's relationship with the source is based solely on the claimant's need to obtain a report to support a disability claim. 20 C.F.R. 404.1502. Accordingly, because Dr. Rosenkrans's records show that the claimant first saw him only six months prior to the hearing in this case and each treatment note expressly points out that the claimant was seeking disability, substantial evidence supports the ALJ's decision. Furthermore, the claimant's contention that the ALJ erroneously failed to conduct a *Newton* analysis is misplaced. The *Newton* inquiry is only necessary in the instance that it is determined that a treating physician's opinion is not entitled to "controlling weight." *See Newton*, 209 F.3d at 456. In this case, a *Newton* analysis was not required because the ALJ's determination that Dr. Rosenkrans was not a "treating source" is supported by substantial evidence. Furthermore, even considering a finding that Dr. Rosenkrans qualified as a treating source, a *Newton* analysis is still

not required because the ALJ rejected Dr. Rosenkrans's opinion in favor of the opinion of another examining physician. *See Newton, supra*, at 457.

Lastly, this court determined that the ALJ committed harmless error when he failed to discuss his findings with regard to any effect the claimant's alleged polyuria had on her ability to perform work activity because, at minimum, there was no record that the claimant had ever complained to a doctor about the condition. Now the claimant identifies an entry in one of Dr. Rosenkrans's notes which she claims constitutes "substantial medical evidence." The claimant points to Dr. Rosenkrans's notes dated September 7, 2007 and November 19, 2007. According to the claimant, the September 7 note shows an increased dosage of a diuretic. Dr. Rosenkrans's November 19 note indicates that the claimant complained of "urinary frequency" due to medications. Interestingly, Dr. Rosenkrans also noted that the claimant had a disability hearing coming up on November 27, a week later. The claimant contends that these entries constitute "substantial medical evidence." However, the court should remind the claimant that the role of this court is limited to determining whether there is substantial evidence in the record to support the *ALJ's* decision, not determining whether there is evidence to support the claimant's position. Accordingly, while this court indeed overlooked the November 19 entry, this evidence is insufficient to overturn the ALJ's decision.

The claimant essentially argues that the ALJ erred in failing to include all of her limitations in the hypothetical question propounded to the VE, namely her alleged polyuria. The claimant testified that her diabetes medication caused her to need a bathroom break every two hours during the morning hours immediately after she took the medicine. When the claimant's attorney asked the VE how the claimant's need for bathroom breaks would affect her ability to keep a job, the VE replied that it would have a "negative" effect.

A vocational expert's opinion about a claimant's ability to work "has no evidentiary value if the assumptions in the hypothetical are not supported by the record." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (citation omitted). Moreover, "[t]he ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel." *Id.* (citation omitted). In this case, the claimant's first and only complaint of urinary frequency was made just one week prior to her hearing before the ALJ. Moreover, this "evidence" exists as nothing more than the claimant's subjective report to Dr. Rosenkrans, not a diagnosis. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) *(*ALJ did not err in relying on hypothetical that did *not* include side effects from medication because aside from passing mentions of side effects in some medical records, there was no evidence of side effects severe enough to interfere with claimant's ability to work*)*. Indeed, on the Medical Assessment of Ability to Do Work-Related Activities form he completed the same day, Dr. Rosenkrans made no mention of polyuria. Lastly, the ALJ determined that the claimant's "statements concerning the intensity, persistence and limiting effects" of her symptoms "were not credible to the extent they were inconsistent with" the RFC assessment he made. Therefore, there is no need to disturb the court's prior ruling, and the instant motion is hereby **DENIED**.

This, the 22nd day of January, 2010.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE